UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Howard Rutland, III, #09030325 <br> *aka William H Rutland, III* <br><br> Plaintiff, <br><br> vs. <br><br> Sheriff Wayne Dewitt, Berkeley County; <br> Captain Barry Currie, B.C.S.O; <br> Lieutenant Butch Rivers, B.C.S.O.; <br> First Sargent Carol Habersham B.C.S.O, <br><br> Defendants. | C/A No. 8:09-1753-SB-BHH <br><br><br> REPORT AND RECOMMENDATION |

Introduction

The plaintiff, William Howard Rutland, III, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] It appears that the plaintiff is a pre-trial detainee at the Berkeley County Detention Center. The plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name governmental employees as defendants.[2] The plaintiff seems to allege that his Constitutional rights have been violated, and he seeks money damages. The complaint should be dismissed for failure to state a claim on which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

### Pro Se Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the

complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The plaintiff alleges that on June 16, 2009, he was visited at the detention center by his attorney, Chad D. Shelton. The plaintiff was escorted to a holding cell to await his turn for a meeting with his attorney. Defendant Habersham directed the plaintiff to give her all of the documents that the plaintiff was holding. The plaintiff refused to give Habersham

3

the documents, which allegedly were "my discovery / Rule 5 along with my recently completed federal law-suit (sic), ink was'nt (sic) dried completely." The plaintiff alleges that all of the documents were marked "legal mail" or "attorney / client privileged information," and thus the plaintiff believed that he did not have to give those documents to Habersham. Allegedly, after the plaintiff had refused to turn over his documents, Habersham warned the plaintiff to turn over the documents or else the plaintiff would have to return to his cell. The plaintiff refused the second command to turn over the documents, and he was escorted back to his cell. The plaintiff alleges that defendant Rivers was standing no less than four feet away during this incident and that the plaintiff signaled to him for assistance with his plight. However, Rivers allegedly, without saying a word but through his actions, refused to permit the plaintiff to meet with his attorney. The plaintiff alleges that as he was being escorted to his cell he shouted into another holding cell or conference room to advise his attorney, Chad D. Shelton, of what was happening. Based on these facts, the plaintiff seeks damages of $1,250,000.00.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation

4

was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The plaintiff may be claiming that because he could not meet with his attorney on June 16, 2009, at the detention center, then his right of access to the courts was violated or that his right to the assistance of counsel for his defense was violated. Liberally construed, the plaintiff alleges that defendants Habersham and Rivers prevented him from meeting with his attorney on June 16, 2009. It is well established that to state a claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration and that his non-frivolous legal claim had been frustrated or was being impeded). The plaintiff must make specific allegations as to the actual injury sustained. *See also Cochran v. Morris*, 73 F. 3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375,1384 (4th Cir.) (1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access."). Here, the plaintiff does not allege any specific facts as to how a pending legal case, or any other legal matter, has been adversely affected due to his not being able to meet with his attorney on the one occasion, June 16, 2009. For example, the plaintiff did not allege that he was prohibited from meeting with his attorney, a public defender, at another time and date to prepare for his criminal defense. *See e.g. McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). Also, the plaintiff did not allege that his criminal trial was to begin the next day and his failure to meet with Chad D. Shelton somehow negatively

impacted his case. Therefore, based on the facts alleged it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief based upon allegations of denial of access to the courts or denial of his right to assistance of counsel for his defense.³  *See Erickson v. Pardus*, 551 U.S. 89 (2007).

Additionally, the Due Process Clause of the Fourteenth Amendment imposes affirmative obligations on states for the treatment of pre-trial detainees.⁴  A pre-trial detainee must not be punished prior to an adjudication of guilt in accordance with due process.  *Block v. Rutherford*, 104 S.Ct. 3227, 3231 (1984).  "'[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* (quoting *Bell v. Wolfish*, 99 S.Ct. 1861 (1979)). The United States Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees) when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,' " and (ii) "a prison official must have a

---

³ While the court is mindful of *Jones v. Bock*, 127 S.Ct. 910 (2007), it appears from the face of the complaint that the plaintiff filed a grievance concerning the claim raised in the complaint on June 16, 2009.  The plaintiff's complaint is also signed on June 16, 2009.  Thus, it appears that the plaintiff did not wait for a response to his grievance before bringing this lawsuit.

⁴ While the Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims."  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998); *see also Chisolm v. Cannon*, C/A No. 4:02-3473-RBH, 2006 WL 361375 at *3 (D.S.C. Feb. 15, 2006).  For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in plaintiff's case.

'sufficiently culpable state of mind.' " i.e., " 'deliberate indifference' to inmate health or safety." *Id.* at 834 (citations omitted). The Fourth Circuit Court of Appeals held that "only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001).

Defendant Habersham's alleged conduct of commanding the plaintiff to turn over legal / privileged documents or return to his cell and defendant Rivers' alleged conduct of refusing to assist the plaintiff does not shock the conscience. Certain prison restrictions and rules are related to security and contraband. Generally, prison officials may open mail from an attorney to a prisoner in the prisoner's presence in order to protect against contraband. *Crowe v. Leeke*, 550 F.2d 184, 188-89 (4th Cir.1977). *See Lloyd v. Vincent*, 2004 WL 3249250 at *4 (D.S.C. Sept. 10, 2004) (noting that adverse consequences need to be shown when legal mail is improperly opened). The plaintiff does not allege what defendant Habersham was going to do with the plaintiff's documents after he turned them over. Regardless of defendant Habersham's intention, which could have been to inspect the documents for contraband, the plaintiff "held the keys" to his visit with his attorney. In other words, the plaintiff could have decided to comply with Habersham's command (which on its face was not unconstitutional) and then the plaintiff could have met with his attorney. *Cf. Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007) (noting that an inmate's assignment to MSU within SCDC is directly tied to an inmate's bad behavior so the inmate "'holds the keys' to his remaining free from the unit."); *Williams v. Greifinger*, 97 F.3d 699, 705 (2nd Cir. 1996) (a prisoner "holds the keys to his cell" when he remains in solitary confinement until he abides by prison rules but noting that the solitary confinement conditions cannot violate the Eighth Amendment). Accordingly, the plaintiff has failed to

state a cognizable claim against Habersham and Rivers for violation of his Due Process rights. *Cf. Altizer v. Paderick*, 569 F.2d 812-13 (4th Cir. 1978) ("It is well settled that federal courts do not occupy 'the role of super wardens of state penal institutions' . . . and 'do not sit to supervise state prisons.'") (citations omitted).

Finally, the plaintiff does not allege any personal involvement by defendants Dewitt and Currie. Therefore, it appears that the plaintiff is bringing suit against them because they are supervisors, managers, or somehow allegedly responsible for defendants Habersham and Rivers. However, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Liability cannot be imposed on defendants Dewitt and Currie on the basis of actions taken by other law enforcement officials.

<u>Recommendation</u>

This court recommends that the District Court should dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/Bruce Howe Hendricks
United States Magistrate Judge

July 21, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).